IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMIAH BLANK, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| BECKETT COLLECTIBLES, LLC, | § | Civil Action No. 3:25-cv-02211-G |
| | § | |
| Defendant | § | |
| | § | |
| | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Beckett Collectibles, LLC ("Defendant" or "Beckett") hereby answers Plaintiff's Amended Complaint ("the Complaint") filed by Jeremiah Blank ("Plaintiff") as follows:

## INTRODUCTION

Defendant is without knowledge or information sufficient to admit or deny the allegations in the "Introduction" section of the Amended Complaint and on that basis deny the same.

## PARTIES

1. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 and on that basis deny the same.

2. Defendant admits that it is a limited liability company organized under the laws of the state of North Carolina and that its principal place of business is in Plano, Texas. Defendant denies that it maintains facilities in Dallas, Texas or that a substantial part of the events giving rise to the claims occurred in Dallas, Texas. Defendant denies the remaining allegations in Paragraph 2 of the Amended Complaint.

1

**JURISDICTION AND VENUE**

3. Defendant admits the allegations in Paragraph 3 that there is complete diversity and that the amount alleged to be in controversy exceeds $75,000.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant admits that it is organized under the laws of North Carolina and that it maintains its principal place of business in Texas and conducts business in Texas, including the Northern District Of Texas.  Defendant denies the remaining allegations in Paragraph 5.

**FACTUAL BACKGROUND**

6. Defendant admits that it is a prominent provider of professional grading, authentication, and encapsulation services for various collectibles.  Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits that its encapsulation process features a safe and secure case that is tamper-proof and water-resistant.  Defendant also admits that the process features an inner sleeve to protect the card while not detracting from card clarity.  Defendant denies the remaining allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant admits that its encapsulation process features a safe and secure case that is tamper-proof and water-resistant.  Defendant also admits that the process features an inner sleeve to protect the card while not detracting from card clarity.  Defendant admits that there are various other options for other collectibles.  Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that it tracks orders through its process and notifies customers with updates throughout the process  Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that it tracks orders through its process and notifies customers with updates throughout the process  Defendant denies the remaining allegations in Paragraph 12.

13. Paragraph 13 is omitted from the Amended Complaint.

14. Paragraph 14 is omitted from the Amended Complaint.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16 and on that basis deny the same.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

## FIRST COUNT
## BREACH OF CONTRACT

32. Defendant incorporates by reference the preceding Paragraphs of its Answer to the Amended Complaint by reference as if fully set forth herein regarding Paragraph 32.

33. The allegations of Paragraph 33 are legal conclusions to which no admission or denial is required. To the extent Plaintiff has misstated Texas law, Defendant denies the allegations in Paragraph 33.

34. Defendant admits that the Submission Agreement speaks for itself. Unless expressly admitted, Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

## SECOND COUNT
## VIOLATION OF TEXAS DTPA

45. Defendant incorporates by reference the preceding Paragraphs of its Answer to the Amended Complaint by reference as if fully set forth herein regarding Paragraph 45.

46. The allegations of Paragraph 46 are legal conclusions to which no admission or denial is required. To the extent Plaintiff has misstated Texas law, Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

## THIRD COUNT
## CONVERSION

56. Defendant incorporates by reference the preceding Paragraphs of its Answer to the Amended Complaint by reference as if fully set forth herein regarding Paragraph 56.

57. The allegations of Paragraph 57 are legal conclusions to which no admission or denial is required. To the extent Plaintiff has misstated Texas law, Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

## DAMAGES

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

## REQUEST FOR RELIEF

74. Defendant specifically denies that Plaintiff is entitled to the relief requested or to any relief as to its causes of action. Defendant prays that Plaintiff's claims be dismissed with prejudice at Plaintiff's cost and for such other and further relief as to the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Defendant asserts the following affirmative defenses.

1. Defendant denies each and every allegation of the Amended Complaint that is not expressly admitted herein.

2. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred from recovery, in whole or in part, because Plaintiff failed to mitigate any damages he claims to have sustained, if any.

4. Some or all of the damages of which Plaintiff complains, if any, are the result of the fault and/or actions of Plaintiff himself.

5. Some or all of the damages, if any, of which Plaintiff complains are the result of the fault and/or actions of third parties over whom Defendant had no control, and/or were the result of intervening causes.

6. At all times relevant to this action, Defendant exercised the requisite degree of care, prudence and truthfulness in undertaking any of the conduct of which Plaintiff complains.

7. Plaintiff's claims are barred from recovery, in whole or in part, by the doctrine of waiver.

8. Plaintiff's claims are barred from recovery, in whole or in part, by the statute of limitations.

9. Plaintiff's claims are barred from recovery, in whole or in part, by the doctrine of laches.

10. Plaintiff's claims are barred from recovery, in whole or in part, by assumption of risk.

Dated: September 10, 2025.

Respectfully Submitted,

**CONDON TOBIN SLADEK SPARKS NERENBERG, PLLC**

*/s/ Kendal B. Reed*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214)265-3800
Facsimile: (214)691-6311
Email: atobin@condontobin.com
       kreed@condontobin.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th of September 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

MATTHEW E. YARBROUGH
JASON BLACKSTONE
**BUCHALTER, A PROFESSIONAL CORPORATION**
100 Crescent Ct., 7th Floor
Dallas, Texas 75201
Telephone: (214) 263-7500
myarbrough@buchalter.com
jblackstone@buchalter.com

***ATTORNEYS FOR PLAINTIFF***

*/s/ Kendal B. Reed*
Kendal B. Reed