UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMIAH BLANK. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-2211-G |
| | § | |
| BECKETT COLLECTIBLES, LLC | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT BECKETT COLLECTIBLES, LLC'S
## EXPERT WITNESS DISCLOSURES

Defendant Beckett Collectibles, LLC ("Beckett"), by and through undersigned counsel, makes the following expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and this Court's Order Establishing Schedule and Certain Pretrial Requirements [Dkt. 17].

### I. DESIGNATION OF NON-RETAINED EXPERT WITNESSES

Beckett expects to call the following individual as a hybrid fact and non-retained expert witness:

**Brian Fleischer**
Beckett Collectibles, LLC
c/o Aaron Z. Tobin, Kendal B. Reed, and Eden R. Ritholz
Condon Tobin Sladek Sparks Nerenberg PLLC
8080 Park Ln. Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

Mr. Fleischer is the Manager of Collectibles Data at Beckett and is familiar with the trading card industry and valuations of trading cards and other collectibles. Mr. Fleischer has worked in Beckett's Collectibles Data Publishing Department for approximately 23 years and has led the

DEFENDANT BECKETT COLLECTIBLES, LLC'S EXPERT WITNESS DISCLOSURES                    PAGE 1

department for approximately the last 10 years. As Manager of the department, he is responsible for cataloging and valuing collectibles for Beckett's print publications and online price guide, as well as valuing collectibles in response to customer service disputes and insurance or legal claims. Throughout his time at Beckett, he has valued millions of trading cards. Mr. Fleischer is expected to offer expert opinion and testimony about the trading card industry and valuations of trading cards and other collectibles. Mr. Fleischer may also offer testimony to rebut Plaintiff's experts' opinions, if any.

Mr. Fleischer's opinions are based upon an evaluation of the 87 items Plaintiff alleges to have been lost by Defendant, along with all available public data of comparable sales from public websites, including but not limited to eBay and CardLadder.com.  Should Plaintiff produce any documents in this matter and depositions be taken, Mr. Fleischer reserves the right to amend or supplement his opinions based upon any new information provided.

Mr. Fleischer's expert opinions include:

1) The proper valuation method. A trading card or collectible is properly valued by collecting and analyzing publicly available sales data for a particular trading card on secondary markets like eBay or on data collection websites like CardLadder.com and finding comparable sales to the items at issue. Websites like CardLadder.com collect sales data on a trading card across a multitude of secondary market platforms such as eBay and third-party auctions to determine the fair market value of a trading card on a given date. To the extent such data on a particular trading card does not exist, valuation can be determined by analyzing secondary market sales data of similar trading cards.  A variety of factors may impact valuation, including, but not limited to, condition of the item, authentication status, license status, and aftermarket modifications.

2)      Plaintiff's allegations as to the value of the 87 trading cards at issue is incorrect and unreliable. First, Plaintiff has failed to provide evidence and/or expert opinion supporting Plaintiff's claimed value of the trading cards at issue. Second, Plaintiff's allegation that the 87 trading cards are collectively worth $175,750.00 is not supported by the market analysis. *See Plaintiff's Amended Complaint*, EFC No. 8-1. More specifically, publicly available data on secondary market platforms and data collection websites shows that each of Plaintiff's trading card valuations exceed the highest sale price for any comparable trading card of the same or similar type.  There is no market data that supports Plaintiff's alleged value. An analysis of publicly available sales data for the same or similar trading cards reveals that the 87 trading cards at issue are collectively worth at best between $23,450.00 and $46,900.00.

3)      The market data for each of Plaintiff's claimed items is summarized below:

| Item | Low Value | High Value | Quantity | Low Total | High Total |
|---|---|---|---|---|---|
| Custom Stan Lee Trading Cards | $250.00 | $500.00 | 20 | $5,000.00 | $10,000.00 |
| 2004 Donruss World Series Fans of the Game | $250.00 | $500.00 | 1 | $250.00 | $500.00 |
| 1992 Marvel Universe III | $250.00 | $500.00 | 5 | $1,250.00 | $2,500.00 |
| 2014 Marvel 75th Anniversary | $250.00 | $500.00 | 4 | $1,000.00 | $2,000.00 |
| 2012 Upper Deck Goodwin Champions | $250.00 | $500.00 | 1 | $250.00 | $500.00 |
| 2011 Topps Allen and Ginter | $250.00 | $500.00 | 26 | $6,500.00 | $13,000.00 |
| 1975 Comic Book Heroes Stickers | $250.00 | $500.00 | 1 | $250.00 | $500.00 |
| 2015 Avengers Age of Ultron | $250.00 | $500.00 | 3 | $750.00 | $1,500.00 |

| | | | | | |
|---|---|---|---|---|---|
| Comic Cover Autographs | | | | | |
| 1990 Marvel Universe I #161 | $500.00 | $1,000.00 | 2 | $1,000.00 | $2,000.00 |
| 1990 Marvel Universe I #131 | $300.00 | $600.00 | 1 | $300.00 | $600.00 |
| 1990 Marvel Universe I #132 | $300.00 | $600.00 | 2 | $600.00 | $1,200.00 |
| 1990 Marvel Universe I #126 | $300.00 | $600.00 | 8 | $2,400.00 | $4,800.00 |
| 1990 Marvel Universe I #129 | $300.00 | $600.00 | 3 | $900.00 | $1,800.00 |
| 1990 Marvel Universe I | $300.00 | $600.00 | 10 | $3,000.00 | $6,000.00 |
| TOTAL | | | 87 | $23,450.00 | $46,900.00 |

**Aaron Z. Tobin**
**Kendal B. Reed**
**Eden R. Ritholz**
Condon Tobin Sladek Sparks Nerenberg, PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel. 214-265-3800

Mr. Tobin, Mr. Reed, and Ms. Ritholz (together, "Counsel") will testify as to whether the attorney fees claimed by Plaintiff in this matter are reasonable, necessary and usual, and customary. Counsel will also testify as to whether the attorney fees claimed by Defendant are reasonable, necessary and usual, and customary.

Counsel are attorneys licensed to practice law in the State of Texas and their law firm represents Beckett in this litigation. Counsel have dedicated their practice to the areas of complex commercial and business litigation, real estate litigation, landlord-tenant litigation, intellectual property litigation, finance litigation, appeals, securities litigation, and breach of contract litigation in state and federal courts across the nation, including substantially within Texas.

30714658v2 92001.063.00

Their opinions will address the reasonableness of the fees and expenses incurred in this litigation by Plaintiff and are based upon their personal knowledge of the materials and activities in this case; their review of all pleadings, motions, discovery, and other material produced in this case; their review of the billing statements; as well as their education, training and experience as commercial litigators and familiarity with customary billing practices and hourly rates charged by attorneys of similar expertise to Plaintiff's attorneys in the relevant district. In assessing the reasonableness and necessity of the amount of fees and expenses incurred by Plaintiff, Counsel takes into account the following factors that are generally considered by Courts in reviewing attorneys' fees claims:

Time and labor required;

Novelty and difficulty of the questions involved;

Skill requisite to do the work properly;

Preclusion of other employment;

Fee customarily charged;

Court and location of the case;

Whether the fee is fixed or contingent;

Amount at issue and results obtained;

Time limits imposed by the client or circumstances;

Nature and length of relationship with the client; and,

Experience, reputation, and ability of the lawyer(s) doing the work.

## II.    RESERVATION OF RIGHTS

Beckett reserves the right to call and elicit testimony (either through records, by deposition, or live at trial) from experts disclosed or designated by other parties to this suit.

DEFENDANT BECKETT COLLECTIBLES, LLC'S EXPERT WITNESS DISCLOSURES                    PAGE 5

Beckett further reserves the right to supplement and/or amend this expert designation with additional designations of experts or additional opinions from its currently designated experts within the time limits imposed by the Court and/or any alterations of same by subsequent Court order and/or agreement of the parties, and/or pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Beckett further reserves the right to call any and all undesignated rebuttal expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence.

Beckett further reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

 Dated: June 24, 2026

Respectfully submitted,

**CONDON TOBIN SLADEK SPARKS NERENBERG PLLC**

*/s/ Kendal B. Reed*
Aaron Z. Tobin
Texas State Bar No. 24028045
Kendal B. Reed
Texas State Bar No. 24048755
Eden R. Ritholz
Texas State Bar No. 24143746
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
eritholz@condontobin.com

*Attorneys for Defendant*
*Beckett Collectibles, LLC*

30714658v2 92001.063.00

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant Beckett Collectibles, LLC's Expert Witness Disclosures has been served upon the following counsel of record on June 24, 2026:

Matthew E. Yarbrough
Jason Blackstone
Buchalter, P.C.
100 Crescent Court, Suite 700
Dallas, TX 75201
myarbrough@buchalter.com
jblackstone@buchalter.com

/s/ Kendal B. Reed
Kendal B. Reed

30714658v2 92001.063.00